IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:14CV00005 |
| v. | ) ) | **OPINION AND ORDER** |
| JUSTIN B. WITT, ET AL., | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*David E. Constine, III, and Rebecca E. Ivey, Troutman Sanders LLP, Richmond, Virginia, for Plaintiff; Brandon Snodgrass, Snodgrass Law Firm, PLC, Abingdon, Virginia, for Defendant Justin B. Witt; Johnny L. Rosenbaum, Scyphers & Austin, P.C., Abingdon, Virginia, and Michael A. Bishop, Michael A. Bishop, P.C., Abingdon, Virginia, for Defendant J.M.W., a minor; and W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant First Sentinel Bank.*

Douglas A. Witt was a beneficiary of a group life insurance policy through his employer, issued by the plaintiff Unum Life Insurance Company of America ("Unum"). Mr. Witt died on August 20, 2013. Before he died, on April 11, 2013, he designated defendant Justin B. Witt and defendant J.M.W., a minor, as the beneficiaries of the policy.

Following Douglas Witt's death, on September 5, 2013, James W. Dudley, an attorney for defendant First Sentinel Bank (the "Bank"), wrote to Unum advising it that the decedent had assigned the life insurance policy to the Bank as

collateral for a loan, and enclosing a copy of the written assignment, dated November 24, 2010. In response, Unum sent a letter dated November 22, 2013, to Justin Witt, one of the policy beneficiaries, advising him that "James Dudley, at the Dudley Law Firm, is claiming to be a beneficiary of the Group Life Insurance benefits for which you have also submitted a claim." (Compl. Ex. F, ECF No. 1-6.) A similar letter was sent to attorney Dudley, advising him that Justin Witt had made a claim to the proceeds of the policy.

Unum followed up by letters dated December 13, 2013, to both Dudley and Justin Witt, advising them that because Unum had not heard further from them as to "the dispute" it was "interpleading the proceeds into the court system." (Compl. Ex. H, ECF No. 1-8.) This interpleader action was thereafter filed on February 10, 2014. Unum paid into court the proceeds of the policy in the amount of $151,982.88, and was dismissed as a party. (Order, July 17, 2014, ECF No. 22.)

Unum has now filed a motion seeking attorneys' fees and expenses in the amount of $7,720.95, to be paid out of the policy proceeds deposited with the court. The Bank objects and the motion has been argued.

The court has the discretion to award attorneys' fees and expenses to the stakeholder in an interpleader action. *Sun Life Assurance Co. of Canada v. Grose,* 466 F. Supp. 2d 714, 717 (W.D. Va. 2006). But such fees and expenses are not granted as a matter of course. *Id.* They may be denied where is there is only one

-2-

Case 1:14-cv-00005-JPJ-PMS   Document 32   Filed 09/12/14   Page 2 of 3   Pageid#: 226

meritorious claim or where the stakeholder itself contributed to bringing on the dispute. *See* Franklin L. Best, Jr., *Reforming Interpleader: The Need for Consistency in Awarding Attorneys' Fees,* 34 Baylor L. Rev. 541-61 (1982).

The basis of any claim to the insurance proceeds by defendants Justin Witt and J.M.W. is not apparent from the present record. The insurance policy does not preclude assignments; in fact it provides for them. (Comp. Ex. A, ECF No. 1-1, at p. 10.) The written assignment in question appears in order. While I certainly will give the claimants the benefit of the doubt, I will wait until the case is determined on the merits to decide whether Unum should be reimbursed out of the fund and if so, the amount.

It is so **ORDERED**.

ENTER: September 12, 2014

/s/ James P. Jones
United States District Judge

-3-

Case 1:14-cv-00005-JPJ-PMS   Document 32   Filed 09/12/14   Page 3 of 3   Pageid#: 227