IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:14CV00005 |
| v. | ) ) | **OPINION AND ORDER** |
| JUSTIN B. WITT, ET AL., | ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) | |

*David E. Constine, III, and Rebecca E. Ivey, Troutman Sanders LLP, Richmond, Virginia, for Plaintiff; Brandon Snodgrass, Snodgrass Law Firm, PLC, Abingdon, Virginia, for Defendant Justin B. Witt; Johnny L. Rosenbaum, Scyphers & Austin, P.C., Abingdon, Virginia, and Michael A. Bishop, Michael A. Bishop, P.C., Abingdon, Virginia, for Defendant J.M.W., a minor; and W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant First Sentinel Bank.*

In this interpleader action, the plaintiff stakeholder seeks reimbursement of its attorneys' fees and costs for filing the action. I earlier reserved decision on this request pending determination of the claims to the fund. *Unum Life Ins. Co. of Am. v. Witt*, No. 1:14CV00005, 2014 WL 7534034 (W.D. Va. Sept. 12, 2014). I have now made that determination, *Unum Life Ins. Co. of Am. v. Witt*, No. 1:14CV00005, 2015 WL 72099 (W.D. Va. Jan. 6, 2015), and the motion seeking attorneys' fees is ripe for decision. For the reasons set forth herein, I find that the stakeholder is not entitled to any attorneys' fees.

The facts are uncontested. As recited in my earlier opinions in this case, Douglas A. Witt, now deceased, was the insured under a group life insurance policy (the "Group Policy") through his employer, American Electric Power Service Corporation. The Group Policy was issued and administered by Unum Life Insurance Company of America ("Unum"). Witt, as a benefit of his employment, obtained life insurance coverage of $150,000 through the Group Policy. He left his employment in 2002, but elected to continue this coverage. On November 24, 2010, Witt executed an Assignment of Life Insurance Policy as Collateral (the "Assignment") to First Sentinel Bank (the "Bank"), as security for a loan to Witt in the amount of $358,875. The loan was also secured by real estate owned by Witt. The loan had a 12-month term, but it was not paid as scheduled and was modified twice by extending the due date, the last due date being July 24, 2013. Payment was not made on that date.

Witt died less than a month later, on August 20, 2013, of a gunshot wound. Before he died, on April 11, 2013, he had designated his two children, Justin B. Witt and J.M.W., a minor, as the beneficiaries of the Group Policy (the "Beneficiaries"). At his death, the payoff amount of the loan to the Bank was $359,375.

Following Witt's death, on September 5, 2013, James W. Dudley, an attorney for the Bank, wrote to Unum advising it that the decedent had assigned the

-2-

Case 1:14-cv-00005-JPJ-PMS   Document 45   Filed 01/21/15   Page 2 of 5   Pageid#: 339

life insurance policy to the Bank as collateral for a loan, and enclosing a copy of the Assignment. In response, Unum sent a letter dated November 22, 2013, to Justin Witt, one of the Beneficiaries, advising him that "James Dudley, at the Dudley Law Firm is claiming to be a beneficiary of the Group Life Insurance benefits for which you have also submitted a claim." (Compl. Ex. F, ECF No. 1-6.) A similar letter was sent to attorney Dudley, advising him that Justin Witt had made a claim to the proceeds of the policy.[1]

Unum followed up by letters dated December 13, 2013, to both Dudley and Justin Witt, advising them that because Unum had not heard further from them as to "the dispute" it was "interpleading the proceeds into the court system." (Compl. Ex. H, ECF No. 1-8.) This interpleader action was thereafter filed on February 10, 2014. Unum paid into court the proceeds of the policy in the amount of $151,982.88, and was dismissed as a party. (Order, July 17, 2014, ECF No. 22.)

Unum seeks attorneys' fees and expenses in the amount of $7,720.95, to be paid out of the policy proceeds deposited with the court. The Bank has objected and the motion has been argued.

The court has the discretion to award attorneys' fees and expenses to the stakeholder in an interpleader action. *Sun Life Assurance Co. of Canada v. Grose,*

---

[1] While Unum submitted the letter from attorney Dudley as part of the record, neither it nor the Beneficiaries have ever explained when or in what way — letter, claim form, telephone — Justin Witt made a claim to the policy, as stated in Unum's letter to Dudley.

466 F. Supp. 2d 714, 717 (W.D. Va. 2006). But such fees and expenses are not granted as a matter of course. *Id.* They may be denied where there is only one meritorious claim or where the stakeholder itself contributed to bringing on the dispute. *See* Franklin L. Best, Jr., *Reforming Interpleader: The Need for Consistency in Awarding Attorneys' Fees,* 34 Baylor L. Rev. 541-61 (1982).

In its Complaint, Unum did not indicate the basis of any disputed claims, other than that the Bank had requested payment based on the terms of the Assignment and that "J.M.W.'s status as a minor prevents her from disclaiming any entitlement that she may have in the Death Benefit." (Compl. ¶ 24, ECF No. 1.) Unum did not explain why or how the Beneficiaries' interest in the life insurance proceeds could be arguably superior to the Assignment. It did not describe any claimed defect in the Assignment or otherwise provide the basis for any reasonable belief that the Bank's claim should not be honored. It merely stated in its Complaint, in a conclusory fashion, that "[u]nder the circumstances, Unum cannot determine factually or legally who is entitled to the Death Benefit." (*Id.* at ¶ 27.) Moreover, in connection with the present motion seeking attorneys' fees and costs, Unum has not suggested any ground for legitimate dispute over the proper claimant for the proceeds of the insurance policy.

As I found when granting summary judgment to the Bank, the Beneficiaries themselves have not shown any meritorious reason why the Assignment should not

be honored. It was in proper form, was expressly permitted by the Group Policy, Unum had notice of it, and it represented legitimate security for the Banks' loan to the insured. *See Unum*, 2015 WL 72099, at *3. It is certainly true that one of the Beneficiaries is a minor, but that fact would not prevent Unum from paying the insurance proceeds to the rightful party. There was only one meritorious claim in this case and Unum failed to responsibly recognize the Assignment and honor it without resort to the courts. Indeed, Unum likely initially engendered any putative dispute by writing one of the Beneficiaries and falsely telling him that "James Dudley" — a person probably unknown to the Beneficiaries — was claiming to be a "beneficiary" of his father's insurance policy.

It would be unjust under these circumstances to make the Bank pay for Unum's attorneys' fees and cost out of the funds to which the Bank is legally entitled. Accordingly, the Motion of Unum Life Insurance Company of America for an Award of Attorneys' Fees and Costs Out of the Funds Deposited (ECF No. 25) is DENIED.

Final judgment in the case directing payment of the funds deposited will be hereafter entered 7 days after entry of this Opinion and Order.

It is so **ORDERED**.

ENTER: January 21, 2015

/s/ James P. Jones
United States District Judge